**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**Debtor(s)** Jerry & Linda Tatum                                **Case No.** 4:19-10831

# Arkansas Chapter 13 Plan
(Local Form 13-1)

_____

Original Plan ☒     Amended Plan ☐     **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:
_____

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.
_____
_____

The Amended Plan is filed:   ☐ Before confirmation
                              ☐ After confirmation

## Part 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.**

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions):
  United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions):
  United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☒ **Original plan filed** *at the time* **the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed** *after* **the petition is filed or amended plan (only if filed** *prior* **to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan:** Within 21 days after the filing of the amended plan.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ☒ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1  The debtor(s) will make regular payments to the trustee as follows**:
*Inapplicable portions below need not be completed or reproduced.*
**Original plan:** The debtor(s) will pay $400.00 per month to the trustee. The plan length is 36 months.
**Amended plan:** Plan payments will change to $_____ per month beginning on the later of the date of filing of the amended plan or _____. The plan length is _____ months.

The following provision will apply if completed:
  Plan payments will change to $_____ per month beginning on _____.
The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2  Payments shall be made from future income in the following manner:**
Name of debtor Jerry & Linda Tatum

  ☒ Direct pay of entire plan payment or _____ (portion of payment) per month.

**2.3  Income tax refunds.**
☒ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.
☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4  Additional payments.**
☒ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

**3.1 Adequate Protection Payments.**
☐ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☒ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| Capital One Auto Finance | 2012 Infiniti G37 | $100 | ☒ Preconfirmation<br>☐ Postconfirmation |

**3.2 Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
☐ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.
The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|

| Carrington Mortgage Svcs | Mortgage at 225 Plantation Dr. Mayflower, AR 72106 | $1,534.68 (paid outside by debtors) | ☒ Debtor(s)<br>☐ Trustee | - | - | - |
|---|---|---|---|---|---|---|

3.3  **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**
    ☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4  **Claims for which § 506 valuation is applicable**. **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**
    ☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
    *The remainder of this paragraph will be effective only if there is a check in the box "included" in § 1.1.*
    ☒ The debtor(s) request that the court determine the value of the collateral securing the claims as listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the collateral securing the claim should be as set out in the column headed *Value of collateral.* For secured claims of governmental units, unless otherwise ordered by the court, the value of the collateral securing the claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.
    Secured claims will be paid the lesser of the amount of the claim or the value of the collateral with interest at the rate stated below. The portion of any allowed claim that exceeds the value will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amount listed below, except as to value, interest rate and monthly payment.
    The holder of any claim listed below as having value in the column headed *Value of collateral* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/ estimated claim | Value of collateral | Interest rate | Monthly payment | Estimated unsecured amount |
|---|---|---|---|---|---|---|---|
| Capital One Auto Finance | 2012 Infinity G37 | 2013 | $17,000.00 | $7,975.00 | 5% | $239.02 | $9,025.00 |

3.5  **Surrender of collateral.**
    ☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6 **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

# Part 4: Treatment of Fees and Priority Claims

4.1  **General.**
    Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

4.2  **Trustee's fees.**
    The trustee's fees are governed by statute and may change during the course of the case.

4.3  **Attorney's fees.**
    The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:
    Amount paid to attorney prior to filing:   $0
    Amount to be paid by the trustee:          $3,500.00 + $81.00 mailing cost
    Total fee requested:                       $3,581.00

    Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

    The initial fee and percentage rate requested in the application are $1,200.00 and 25%, respectively.

4.4  **Priority claims other than attorney's fees and those treated in § 4.5.**

    Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
|---|---|---|
| **Internal Revenue Service** | **Income tax** | $418.21 |
| **Faulkner County Collector** | **Personal Property** | $599.11 |
| **Faulkner County Collector** | **Personal Property** | $242.64 |

**4.5 Domestic support obligations.**
☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims.**
Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below.** For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: _____

☒ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or
☐ Other. Please specify _____.

**5.2 Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**
☒ **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.**
☒ **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1 Executory Contracts and Unexpired Leases.**
☐ **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
The executory contracts and unexpired leases listed below are assumed or rejected as indicated.
☒ **Assumed items.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by debtor(s), or by the trustee, as set forth below. Debtor(s) propose to cure any default by paying the arrearage on the assumed leases or contracts in the amount listed on the filed and allowed proof of claim, if contrary to the amount listed below.

| Creditor | Description of contract or property | Payment to be paid by | Payment amount | Number of remaining payments | Arrearage amount | Monthly arrearage payment |
|---|---|---|---|---|---|---|
| Progressive Leasing | Furniture lease | ☒ Debtor(s) ☐ Trustee | $300 | - | - | - |

☐ **Rejected items.** The debtor(s) reject the following executory contracts or unexpired leases. The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the property only. No further payments are to be made to the creditor on the contract or lease. However, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.

| Creditor and last 4 digits of account number | Description of contract or property |
|---|---|
| | |

**6.2 Sale of assets.**
☒ **None**. *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3 Claims not to be paid by the trustee.**
☐ **None**. *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*
☒ The following claims are to be paid directly to the creditor by the debtor(s) and not by the trustee. These claims include home mortgage, lease payments, and debts actually being paid by a party other than the debtor(s) (who is liable for the debt) from property that is not property of the estate.

| Creditor | Payment to be paid by | Description of property/nature of obligation |
|---|---|---|
| Carrington Mortgage | ☒ Debtor(s) ☐ Other _____ | Mortgage at 225 Plantation Dr. Mayflower, AR 72106 to be paid outside by debtors |

**6.4 Postpetition claims.**
☒ **None**. *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*
☐ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor(s) upon:**
☐ plan confirmation.
☒ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

☒ **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*
***Under Bankruptcy Rule 3015.1(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.***

**8.1** *The following plan provisions will be effective only if there is a check in the box "included" in § 1.2.*

## Part 9: <u>Signatures</u>

By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.

/s/ Kent Pray
_____    Date 2/14/19
**Signature of Attorney for Debtor(s)**

# Addendum A – For Amended Plans
# Listing of Additional Creditors and Claims for Plan Purposes

Note: While additional creditors may be listed on Addendum A, the debtor(s) also must file amended schedules as appropriate.

## A.1  Prepetition Nonpriority Unsecured Claims.

The following are creditors with prepetition nonpriority unsecured claims that are added to the plan. These creditors will be provided treatment as described in Part 5.1 of the plan.

## A.2  Postpetition Nonpriority Unsecured Claims.

The following are creditors with postpetition nonpriority unsecured claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) that are added to the plan by the debtor(s). The creditors listed below are entitled to participate in the debtor(s)' bankruptcy case at the election of the creditor.

**A creditor may elect to participate in the plan by filing a proof of claim for the postpetition claim. The claim will be treated as though the claim arose before the commencement of the case and will be provided treatment as described in Part 5.1 of the plan. Upon completion of the plan and case, any unpaid balance of such claim may be subject to discharge.**

## CERTIFICATE OF MAILING

I, the undersigned, hereby certify that copies of the foregoing notice and attached Plan have been mailed or provided through ECF to the following:

Legal Division  
Employment Security Div.  
P. O. Box 2981  
Little Rock, AR 72203

Internal Revenue Service  
PO Box 7346  
Philadelphia, PA 19101

Legal Division  
Dept. of Finance & Admin.  
P.O. Box 1272  
Little Rock, AR 72203

U. S. Attorney  
Eastern District  
P. O. Box 1229  
Little Rock, AR 72203

Mark T. McCarty  
Chapter 13 Standing Trustee  
P.O. Box 5006  
N. Little Rock, AR 72119-5006  
**(ECF)**

**Capital One Auto**  
C/o Corporation Service Co.  
300 Spring Bld, Ste 900  
300 S. Spring St.  
Little Rock, AR 72201 (1st Class Mail)

and to all creditors whose names and addresses are set forth below:

Dated: 2/14/19

\s\ Kent Pray  
_____  
Kent Pray, Bar No. 91228  
Christian W. Frank, Bar No. 01219  
PRAY LAW FIRM, P.A.  
P. O. Box 94224  
N. Little Rock, AR 72190  
(501) 771-7733

**AFCN**
PO Box 16474
Little Rock, AR 72231

**America's Car Mart**
802 S E Plaza Ave
Ste 200
Bentonville, AR 72712

**AR Family Care Network**
PO Box 16474
Little Rock, AR 72231-6474

**Arkansas Health Group Anesth.**
11001 Exec Ctr Dr Ste. 200
Little Rock, AR 72211-4393

**Ashley Funding/Resurgent Cap S**
PO Box 10587
Greenville, SC 29603

**Banister-Lieblong Clinic**
2425 Dave Ward Dr, Ste. 401
Conway, AR 72034

**Baptist Health Federal Credit**
C/O Audrianna Grisham, PA
PO Box 13980
Maumelle, AR 72113

**BH Cardiology & Med Clinic**
11001 Exe Ctr Dr/Ste 200
Little Rock, AR 72211

**Cap One Bank**
PO Box 60599
City of Industry, CA 91716

**Capital One Auto**
C/o Corporation Service Co.
300 Spring Bld, Ste 900
300 S. Spring St.
Little Rock, AR 72201

**Capital One Auto Finance**
3905 N. Dallas Parkway
Plano, TX 75093

**Capital One Bank**
PO Box 30281
Salt Lake City, UT 84130

**Cardiology and Medicine Clinic**
5315 W. 12th St.
Little Rock, AR 72204

**Carrington Mortgage Svcs**
PO Box 54285
Irvine, CA 92619

**Citi c/o United Guaranty Comm**
Ins Co of NC
PO Box 60420
Charlotte, NC 28254

**Credit One**
P. O. Box 60500
City Of Industry, CA 91716

**District Court of Faulkner Co**
810 Parkway
Conway, AR 72034

**District Court of Little Rock**
Civil Division
600 West Markham
Little Rock, AR 72201

**Dyke & Winzerling**
415 North McKinley/Ste 1177
Little Rock, AR 72205

**Elastic/Republic Bank & Trust**
PO Box 950276
Louisville, KY 40295

**Eugene Allen**
500 Adams Vineyard Rd
Benton, AR 72015

**Faulkner County Collector**
806 Faulkner St.
Conway, AR 72034

**Fed Loan Servicing**
PO Box 69184
Harrisburg, PA 17106

**Fingerhut**
P O Box 166
Newark, NJ 07101

**First Collection Service**
10925 Otter Creek E. Blvd.
Mabelvale, AR 72103

**First Premier Bank**
P O Box 5519
Sioux Falls, SD 57117

**GC Services**
6330 Gulfton
Houston, TX 77081

**Genesis FS Card Services**
P O Box 4477
Beaverton, OR 97076-4477

**IRS**
PO Box 7346
Philadelphia, PA 19101-7346

**labCorp**
P.O. Box 2240
Burlington, NC 27216-2240

**Little Rock Surgical Clinic**
500 S University Ave, Ste 317
Little Rock, AR 72205

**LVNV Funding/FNBM**
Resurgent Cap Services
PO Box 10587
Greenville, SC 29603

**Martin Murphy Sports Surg Cl**
c/o Mid-So Adj
316 W 6th/Ste A
Pine Bluff, AR 71601

**Merrick Bank**
PO Box 660702
Dallas, TX 75266

**Mid South Adjustment**
316 West 6th, Suite A
Pine Bluff, AR 71601

**Midsouth Adj**
123 W 2nd St
Pine Bluff, AR 71601

**Othell Dunn**
PO Box 241698
Little Rock, AR 72223

**Pathology Laboratories of AR**
#1 Lile Court, Suite 101
Little Rock, AR 72205

**Portfolio Rec Assoc**
PO Box 41067
Norfolk, VA 23541

**Progressive Leasing**
256 West Data Dr.
Draper, UT 84020

**St Vincent Health Sys**
PO Box 22720
Little Rock, AR 72221-2720

**St Vincent Physician Clinic**
PO Box 23410
Little Rock, AR 72221

**Surgical Clinic of Central AR**
PO Box 370
Conway, AR 72033-0370

**US Department of Education**
P. O. Box 530260
Atlanta, GA 30353-0260

**Volvo**
PO Box 26131
Greensboro, NC 27402-6131